**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **ISAIAH W. MCCOY,** | ) |
| **Plaintiff,** | ) |
| | ) |
| **V.** | ) **NO. 1:17-cv-01046-GMS** |
| | ) |
| **R. DAVID FAVATA, et al.** | ) |
| **Defendants.** | ) **JURY TRIAL** |
| | ) **DEMANDED** |
| | ) |

**OPPOSITION OF PLAINTIFF ISAIAH MCCOY TO DOC DEFENDANTS' MOTION TO DISMISS**

**MARGOLIS EDELSTEIN**
Herbert W. Mondros, Esq. (Del. Bar No. 3308)
Krista Reale Samis, Esq. (Del. Bar No. 4748)
300 Delaware Ave., Suite 800
Wilmington, DE 19801
(302) 888-1112 – telephone
(302) 888-1119 – facsimile
hmondros@margolisedelstein.com
Attorney for Plaintiff, Isaiah McCoy

Dated: December 11, 2017

# TABLE OF CONTENTS

**I.** NATURE AND STAGE OF THE PROCEEDINGS ........ 1

**II.** II. SUMMARY OF THE ARGUMENT ........ 1

**III.** STATEMENT OF FACTS ........ 2

**IV.** ARGUMENT ........ 4

A. Standards for a Rule 12(b)(6) Motion to Dismiss ........ 5

B. Mr. McCoy Has Pled Sufficient Facts to State Claims Against the DOC Defendants ........ 6

C. Mr. McCoy has Adequately Pled Claims Against Coupe and Pierce ........ 8

D. Plaintiff has Adequately Pled Facts to Suggest that Qualified Immunity Should Not Apply to the DOC Defendants because They Clearly Engaged in Egregious Constitutional Violations. ........ 10

**V.** CONCLUSION ........ 13

# TABLE OF AUTHORITIES

**Cases**

*A.M. v. Luzerne Cnty. Juvenile Det. Ctr*., 372 F.3d 572 (3rd Cir. 2004) ........ 8
*Anderson v. Creighton*, 483 U.S. 635 (1987) ........ 10
*Anderson v. Deluxe Homes of Pa, Inc.*, 131 F. Supp. 2d ........ 10
*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)) ........ 5
*Baker v. Monroe Twp*., 50 F.3d 1186 (3rd Cir. 1995 ........ 8
*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ........ 5
*Boykins v. Ambridge Area Sch. Dist*., 621 F.2d 75 (3rd Cir. 1980) ........ 5
*Conley v. Gibson*, 355 U.S. 41 (1957) ........ 5
*Desharey v. Winnebago County Dept. of Social Services,* 489 U.S. 189 (1989) ........ 11
*Donahue v. Gavi,* 280 F.3d 371 (3rd Cir. 2002) ........ 5
*Edwards v. City of Gouldsboro,* 178 F.3d 231 (4th Cir. 1999) ........ 5,6
*Evancho v. Fisher*, 423 F.3d 347, 352 (3rd Cir. 2005) ........ 5,6,8
*Farmer v. Brennan*, 511 U.S. 825 (1994). ........ 11
*Fundiller v. City of Cooper City*, 777 F.2d 1436 (11th Cir. 1985) ........ 9
*Gomez v. Toledo, 446 U.S. 635 (1980)* ........ 10
*Griffin v. Vaughn,* 112 F.3d 703 (3rd Cir. 1997 ........ 12
*Hahn v. McLey*, 737 F.2d 771 (8th Cir. 1984) ........ 9
*Hall v. Pa. State Police*, 570 F.2d 86 (3rd Cir. 1978) ........ 6
*Haynesworth v. Miller*, 820 F.2d 1245 (D.C. 1987) *rev'd* ........ 9
*Hays v. Jefferson County*, 668 F.2d 869 (6th Cir.) ........ 9
*Kost v. Kozakiewicz*, 1 F.3d 176 (3rd Cir. 1993) ........ 6
*McClelland v. Facteau*, 610 F.2d 693 ........ 9
*McPherson v. United States*, 392 Fed. Appx. 938 2010 U.S. App. LEXIS 18618 (3d Cir. 2010) . 3
*Millhouse v. Carlson*, 652 F.2d 371 (3rd Cir. 1981) ........ 7
*Munoz v. City of Phila*., 346 Fed. Appx. 766 *2009 U.S. App. LEXIS 21182 (3d Cir. 2009) ...... 3
*In re City of Philadelphia Litig*., 49 F.3d 945 (3rd Cir. 1995) ........ 10
*Sample v. Diecks*, 885 F.2d 1099 (3rd Cir. 1989) ........ 8
*Sandin v. Conner*, 515 U.S. 472 (1995) ........ 11
*Scheuer v. Rhodes*, 416 U.S. 232 (1974) ........ 6

*Sharrar v. Felsing*, 128 F.3d 810 (3rd Cir. 1997) ........ 10

*Sims v. Adams*, 537 F.2d 829 (5th Cir. 1976) ........ 9

*Skinner v. Switzer*, 562 U.S. 521(2011) ........ 5

*Slakan v. Porter*, 737 F.2d 368 (4th Cir. 1984), *cert. denied*, 470 U.S. 1035 (1985) ........ 9

*Trump Hotels v. Mirage Resorts, Inc*. 140 F. 3d 478 (3d Cir. 1998) ........ 5,10

*United States ex rel. Geisler v. Walters,* 510 F.2d 887 (3d Cir. 1975) ........ 3

*Wilkerson v. New Media Tech. Charter Sch. Inc*., 522 F.3d 315 (3rd Cir. 2008) ........ 6,7

*Wilson v. Seiter,* 501 U.S. 294 (1991) ........ 11

*Wright v. City of Phila*., 229 F. Supp. 3d 322(E.D.Pa 2017.) ........ 5,6

*Young v. Quinlan,* 960 F.2d 351 (3rd Cir. 1992) ........ 11

**Statutes/Rules**

42 U.S.C. §1983 ........ 8

11 Del. C. §§ 6516 ........ 9

Federal Rule of Civil Procedure 12(b)(6) ........ 4,5,6

Fed. R. Civ. P. 8 ........ 10, 12

## I. NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff Isaiah McCoy spent almost seven years in the custody of the Delaware Department of Corrections, wrongfully charged, convicted, and sentenced to death, by vengeful, reckless prosecutors, and incompetent, willfully blind investigators. While wrongfully imprisoned, Plaintiff McCoy was sadistically held in solitary confinement, abused, intimidated, provoked, humiliated, and beaten by the DOC Defendants and others, whose names are not known to him at this time. As the Commissioner of the Department of Corrections, Robert Coupe oversaw the sadistic, cruel, and inhumane treatment of Mr. McCoy.

On July 28, 2017, McCoy filed this action against Coupe, Pierce, Rispoli, Drace, and Gill, as well as others to be named later (collectively "DOC Defendants"), for violations of his constitutional rights. D.I. 1. The DOC Defendants, who are responsible for the abuse of Mr. McCoy while he was incarcerated, filed a motion to dismiss seeking to avoid accountability for their unconstitutional conduct. For the reasons that follow, these arguments should be rejected and the DOC Defendants' Motion to Dismiss should be denied.

## II. SUMMARY OF THE ARGUMENT

1. The Complaint sufficiently pleads facts that taken as true state causes of action against the DOC Defendants for egregious violations of Mr. McCoy's rights.

2. The Complaint sufficiently pleads facts that taken as true state cause of action against both Coupe and Pierce in their personal and official capacities for failing to supervise and train the corrections officers at JTVCC. Moreover, they continued to retain these corrections officers despite the seven years of continuous constitutional violations to which Mr. McCoy was subjected.

3. The DOC Defendants are not entitled to qualified immunity as any reasonable corrections officer, or layperson, would have known that the multiple abuses that Plaintiff McCoy was subjected to, violated his constitutional rights.

## III. STATEMENT OF FACTS

The Complaint alleges with particularity that:

1. Plaintiff McCoy was wrongfully imprisoned by the DOC defendants for six years, nine months, and 28 days at the James T. Vaughn Correctional Center "JTVCC") and sentenced to be executed by lethal injection for a crime he did not commit. D.I. 1 at ¶¶13, 198. While Mr. McCoy was incarcerated, the DOC Defendants deprived him of his constitutional rights under the Fourth, Fifth and Fourteenth Amendments. Mr. McCoy was unlawfully detained and subjected to inhumane treatment and cruel and unusual punishment, including, physical abuse, emotional abuse, psychological abuse, beatings, assaults, torture, and solitary confinement for excessive periods of time. *Id.* Further, Mr. McCoy was deprived of his right to counsel and his right to a fair trial. Id. at ¶¶211-12.

2. The DOC Defendants are all current or former employees of the Delaware Department of Corrections. Coupe was the Superintendent of the Delaware State Police, during the investigation into the murder of James Munford and during Mr. McCoy's first trial. *Id.* at ¶69. Thereafter, Coupe became the Commissioner of the Department of Corrections and oversaw the cruel and inhumane treatment of Mr. McCoy while he was incarcerated. *Id.* at ¶72. Pierce was the Warden at the JTVCC while Mr. McCoy was incarcerated.[1] *Id.* at ¶76. During Pierce's tenure, he directly oversaw the unconstitutional, cruel, and inhumane treatment of Mr. McCoy. *Id.* Defendants Rispoli, Drace, and Gill worked as corrections officers in the JTVCC. *Id.*

3. Despite the Delaware Department of Corrections' claims that their mission is to

[1] Pierce was placed on administrative leave in February of 2017. *Id.* at ¶76.

"protect the public by supervising adult offenders through safe and humane services, programs, and facilities,"[2] Mr. McCoy was intentionally and consistently subjected to outrageous indignities and provocations, including physical, psychological, and emotional abuse, by the DOC Defendants while he was wrongfully incarcerated in the JTVCC. *Id.* at ¶14, 202, 206.

4. The DOC Defendants charged and convicted Plaintiff McCoy of disciplinary violations arbitrarily and without due process. *Id.* at ¶210. Mr. McCoy was held in solitary confinement for the majority of his sentence and was permitted to leave his cell for only 45 minutes, three times a week. *Id.* at ¶¶199-201. Mr. McCoy was even held in solitary confinement when he was pretrial detainee, awaiting his retrial. At that time, Mr. McCoy filed a Motion to Transfer with the trial court, which motion was granted. The DOC defendants, however, appealed the trial court's ruling, which was ultimately reversed by the Delaware Supreme Court.

Pierce testified at those proceedings, which are subject to judicial notice by this Court[3], that Mr. McCoy was subjected to solitary confinement for infractions that did not subject other inmates to the same punishment.

5. Pierce testified that the DOC Defendants continued to hold Mr. McCoy in solitary confinement in the SHU for infractions such as unauthorized possession of television and radio, possession of another inmate's paperwork, masturbation, possession of unknown dangerous contraband, and an attempted escape from Sussex Correctional Institution in 2009. Exhibit A at

---

2 www.Doc.delaware.gov/mission.shtml

3 "This Court can, and will, take judicial notice of the official record of prior court proceedings." *McPherson v. United States*, 392 Fed. Appx. 938, 940, 2010 U.S. App. LEXIS 18618, *3 (3d Cir. 2010); *see also United States ex rel. Geisler v. Walters,* 510 F.2d 887, 890 n.4 (3d Cir. 1975) (taking judicial notice of briefs and petitions from prior habeas corpus proceedings to make "a full and proper record"); *Munoz v. City of Phila*., 346 Fed. Appx. 766 *, 2009 U.S. App. LEXIS 21182 (3d Cir. 2009)(proceedings in related state case is a proper object of judicial notice).

11-15. In his testimony, Pierce admitted that Plaintiff was held "in the cell full time *except for three hours a week…*" Exhibit A at 19. (emphasis added.) The nature of these disciplinary violations, as Pierce acknowledged, would normally not have resulted in solitary confinement for a pre-trial detainee. Exhibit A at 15.

6. Mr. McCoy was also beaten, tortured, provoked, and abused by Defendants Rispoli, Drace, and Gill, who encouraged other DOC personnel and inmates to do the same. *Id.* at ¶¶202-04. In addition, the DOC Defendants denied Mr. McCoy medical care, spat in his food, prevented him from accessing the law library and the assistance of legal counsel, and transported him in a small and highly dangerous prison van. *Id.* at ¶¶205-209.

7. The abuse continued until Mr. McCoy was released from prison on January 19, 2107 when the DOC Defendants even held Mr. McCoy more than eight hours passed his release time. *Id.* at ¶¶211-12.

8. For the reasons stated herein, the DOC Defendants' Motion to Dismiss should be denied.

## IV. ARGUMENT

The DOC Defendants move, pursuant to Rule 12(b), Fed. R. Civ. P., to dismiss the civil action complaint of Plaintiff Isaiah McCoy on the grounds that i) Plaintiff fails to state a plausible claim against them; ii) the supervisory defendants cannot be held vicariously liable for the acts of their subordinates; and iii) they are entitled to qualified immunity. For the reasons that follow, the DOC Defendants' motion should be denied.

### A. Standards for a Rule 12(b)(6) Motion to Dismiss

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a pleading must contain factual allegations sufficient to "state a claim for relief that is plausible on

its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Any allegations contained in the complaint must be taken as true and viewed in light most favorable to plaintiff. *Trump Hotels v. Mirage Resorts, Inc*. 140 F. 3d 478, 483 (3d Cir. 1998). To be sufficient, the complaint need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. 544, 555, (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

In civil rights cases, the Third Circuit has applied the liberal notice pleading standard as set forth in Rule 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8; *Evancho v. Fisher*, 423 F.3d 347, 352 (3rd Cir. 2005); *see Donahue v. Gavin,* 280 F.3d 371, 382 (3rd Cir. 2002)("We realize, of course, that modern rules of pleading do not require a great deal of specificity"). To survive a motion to dismiss, a plaintiff "must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Wright v. City of Phila*., 229 F. Supp. 3d 322(E.D.Pa 2017.)(quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "The question is not whether the claimant will ultimately prevail, but whether the complaint is 'sufficient to cross the federal court's threshold.'" *Id.* (quoting *Skinner v. Switzer*, 562 U.S. 521, 529-30 (2011)).

The purpose of a motion to dismiss under 12(b)(6) is to test the legal sufficiency of a complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Gouldsboro,* 178 F.3d 231, 243-44 (4th Cir. 1999). The Third Circuit has held that a civil rights complaint is adequate so long as it states the conduct, place, and persons responsible for the claimed violations. *Boykins v. Ambridge Area Sch. Dist*., 621 F.2d 75, 80 (3rd Cir. 1980) (citing *Hall v. Pa. State Police*, 570 F.2d 86, 89 (3rd Cir. 1978)). At a minimum, if the complaint states enough facts to reasonably suggest that discovery will reveal evidence necessary to bolster the elements of plaintiff's claim, it is sufficient. *Wilkerson v. New Media Tech. Charter Sch. Inc*.,

522 F.3d 315, 321 (3rd Cir. 2008). A "pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3rd Cir. 1993).

A motion to dismiss, therefore, must be denied "unless it appears… that the plaintiff can prove no set of facts in support to his claim which would entitle him to relief" and "even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Twombly*, 550 U.S. 544, 556.

**B. Mr. McCoy Has Pled Sufficient Facts to State Claims Against the DOC Defendants**

In arguing that Mr. McCoy has not pleaded facts that show that the DOC Defendants were personally involved in the deprivation of Mr. McCoy's constitutional rights, the DOC Defendants seek to impose an improper standard for the dismissal of a complaint under Rule 12(b)(6). To be sufficient, a complaint need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555. The Third Circuit requires that a Complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8; *Evancho*, 423 F.3d at 352 (3rd Cir. 2005). In other words, to survive a motion to dismiss, a plaintiff "must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Wright*, 229 F. Supp. 3d at 322.

A complaint is not meant to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Gouldsboro*, 170 F.3d 231, 243-44 (4th Cir. 1999). This Court recognizes that a complaint should be taken as a whole and viewed as a unit. *Millhouse v. Carlson*, 652 F.2d 371 (3rd Cir. 1981). Mr. McCoy's Complaint states sufficient facts to reasonably suggest that

discovery will reveal the evidence necessary to bolster the elements of his claims. *See Wilkerson v. New Media Tech. Charter Sch., Inc*., 522 F.3d 315, 321 (3rd Cir. 2008) ("… because we have only her complaint before us we are not prepared to hold at this preliminary stage that it is implausible…Details of…the decision not to renew Wilkerson's employment could be more readily forthcoming in discovery.").

Mr. McCoy was subjected to various outrageous indignities and provocations while he was incarcerated. D.I. 1 at ¶202. Mr. McCoy was beaten, tortured, provoked, and abused psychologically and emotionally by Defendants Rispoli, Drace, and Gill, who encouraged other DOC personnel and inmates to do the same. *Id*. at ¶¶202-06. The DOC Defendants denied Mr. McCoy medical care, spat in his food, prevented him from accessing the law library and the assistance of legal counsel, and transported him in a small and highly dangerous prison van. *Id*. at ¶¶205-209.

Mr. McCoy was wrongfully held in solitary confinement for the majority of his seven years of incarceration by the DOC Defendants. The DOC Defendants charged and convicted Mr. McCoy of disciplinary violations arbitrarily and without due process. *Id*. at ¶210. Pierce testified that Mr. McCoy was held in solitary confinement in the SHU for infractions such as unauthorized possession of television and radio, possession of another inmate's paperwork, masturbation, possession of unknown dangerous contraband, and an attempted escape from Sussex Correctional Institution in 2009. Exhibit A at 11-15. Pierce admitted that Mr. McCoy was held "in the cell full time *except for three hours a week*…" Exhibit A at 19. (emphasis added.) Telling, these infractions not normally result in solitary confinement for a pre-trial detainee. Exhibit A at 15.

The DOC Defendants' abuse continued more than eight hours after the time for Mr. McCoy's release. On his release date, DOC Defendants held Mr. McCoy in custody until 10:00 pm, even though the Court ordered his release at 2:45 pm. D.I. 1. at ¶¶211-12.

All facts taken as true, Mr. McCoy has made factual allegations that raise a right to relief above the speculative level, and generally, demonstrate the DOC Defendants personal involvement in the deprivation of his constitutional rights. *Twombly*, 550 U.S. at 555. Therefore, Mr. McCoy's claims withstand the DOC Defendants' motion to dismiss, and their motion to dismiss must be denied.

### C. Mr. McCoy has Adequately Pled Claims Against Coupe and Pierce

The Third Circuit has held that a supervisor can be liable under §1983 where he "directed others to violate [an individual's rights], or, as the person in charge, had knowledge of and acquiesced in his subordinate's violations." *A.M. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3rd Cir. 2004), *see also Baker v. Monroe Twp.*, 50 F.3d 1186, 1191 (3rd Cir. 1995). A supervisor can be liable under §1983 if the supervisor implements a deficient policy or practice that creates an unreasonable risk or if the supervisor was deliberately indifferent to the resulting risk, and the policy, practice, or indifference were the "moving force" behind the harm suffered by a plaintiff. *Sample v. Diecks*, 885 F.2d 1099, 1117-18 (3rd Cir. 1989). Further, where there is a pattern, demonstrated by evidence, that violations occurred on numerous occasions, supervisory liability will also be found. *Id.*

Purpose, rather than knowledge, is required to impose liability on an official charged with violations arising from his superintendent responsibilities. Twombly, 129 S. Ct. at 1949. Thus, facts alleging that a defendant had "personal direction" or "actual knowledge and acquiescence" of the wrongs at issue are sufficient to establish personal involvement. *Evancho*, 423 F.3d at 353.

Moreover, there are numerous cases addressing the viability of the claims against Coupe and Pierce in their individual capacities. Both Coupe and Piece are also named in their personal capacity for failure to supervise and train the DOC corrections officers which resulted in constitutional injury to Mr. McCoy.

> It is well established that a governmental officer may be held liable in damages for constitutional wrongs engendered by his failure to supervise or train subordinates adequately. This responsibility is not premised on the notion of vicarious liability; rather, it is bottomed on the principle that in some contexts failure of an official to safeguard against constitutional transgressions by those under his control constitutes an actionable wrong under *Bivens* and Section 1983.

*Haynesworth v. Miller*, 820 F.2d 1245, 1259-1260 (D.C. 1987) *rev'd* on other grounds; *See also*, *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984), *cert. denied*, 470 U.S. 1035 (1985); *Sims v. Adams*, 537 F.2d 829, 832 (5th Cir. 1976); *Hays v. Jefferson County*, 668 F.2d 869, 872 (6th Cir.), *cert. denied*, 459 U.S. 833, 103 (1982); *Hahn v. McLey*, 737 F.2d 771, 773 (8th Cir. 1984) (per curiam); *McClelland v. Facteau*, 610 F.2d 693, 695 (10th Cir. 1979); *Fundiller v. City of Cooper City*, 777 F.2d 1436, 1443 (11th Cir. 1985).

Mr. McCoy adequately pleads facts establishing that Coupe and Pierce oversaw and acquiesced to the inhumane treatment of Mr. McCoy. D.I. 1 at ¶¶74, 76. Further, Mr. McCoy has adequately pled that both Coupe and Pierce and the DOC Defendants engaged in a pattern and practice of constitutional violations. *Id.* Defendant Coupe had full charge of DOC and its facilities and services. He was responsible for the organization, maintenance, control, and operation of DOC, the administration, supervision, operation, management, and control of the Delaware Prisons, and the custody, study, training, treatment, correction, and rehabilitation of all prisoners in DOC custody. *11 Del. C.* §§ 6516, 6517. Further, Pierce was the warden and responsible for day-to-day oversight of the prison. ¶¶74, 76. The Court must view the facts plead in the light most favorable to Mr. McCoy. *Trump Hotels*, 140 F.3d at 483. As the

Complaint states causes of action against Coupe and Pierce, the DOC Defendants' motion to dismiss should be denied.

**D. Plaintiff has Adequately Pled Facts to Suggest that Qualified Immunity Should Not Apply to the DOC Defendants because They Clearly Engaged in Egregious Constitutional Violations.**

The DOC Defendants contend that they are entitled to qualified immunity. Qualified immunity, also called "good faith immunity" is an affirmative defense that must be pleaded by a defendant official. *Gomez* v. *Toledo*, 446 U.S. 635 (1980). As such, the DOC Defendants have the burden of establishing the defense, which they have failed to do with their unsupported allegations in the motion to dismiss. *Anderson v. Deluxe Homes of Pa, Inc.*, 131 F. Supp. 2d 637, 649 (M.D. Pa 2001). Further, qualified immunity is not available if the defendant knew or reasonably should have known that his actions would violate plaintiff's constitutional rights. *Gomez*, 446 U.S. at 635. As discussed herein, the DSP Defendants acted with flagrant disregard of Mr. McCoy's constitutional rights. As such, they are not entitled to qualified immunity.

Government officials performing discretionary functions are immune from liability for civil damages, provided that their conduct does not violate clearly established rights of which a reasonable person would have known. *Sharrar v. Felsing*, 128 F.3d 810, 826 (3rd Cir. 1997). A right is "clearly established" when the "contours of the right are sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). When a prison official acts in such a way that no "reasonably competent officer would have concluded that the actions were lawful" qualified immunity does not protect them from suit." *In re City of Philadelphia Litig.*, 49 F.3d 945, 961-2 (3rd Cir. 1995). In asserting that the DOC Defendants are entitled to qualified immunity, the

DOC Defendants are asking the Court to accept that a reasonably competent officer would conclude that the deliberate beatings, torture, psychological and emotional abuse, denial of medical attention, and denial of access to a lawyer and the law library that Mr. McCoy was subjected to was constitutional.

When prison conditions are objectively poor in the sense that they deprive a prisoner of "basic human needs, e.g. food, clothing, shelter, medical care, and reasonable safety," the Constitution is implicated. *Desharey v. Winnebago County Dept. of Social Services,* 489 U.S. 189, 200 (1989). While the Constitution does not mandate comfortable prisons, it does not permit inhumane ones. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

Furthermore, the Eight Amendment prohibition on cruel and unusual punishment is implicated where certain objective and subjective requirements are met. The objective prong is met when the injury to the plaintiff results from a single identifiable human need such safety, health, food, warmth, or exercise. *Wilson v. Seiter,* 501 U.S. 294, 298 (1991). A condition that does not meet the objective requirement alone may be considered with other conditions if, together, they produce a "mutually reinforcing effect" that causes deprivation of a single human need. *Id* at 304. Second, the subjective prong requires that a plaintiff prove that there was deliberate indifference regarding their health or safety as a prisoner. *Farmer*, 511 U.S. at 834. Deliberate indifference is found where a prison official has knowledge that the prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to mitigate it. *Id.* at 837. As explained by this Court, "the touchstone is the health of the inmate, while the prison may punish, it may not do so in a manner that threatens the physical and mental health of an inmate." *Young v. Quinlan,* 960 F.2d 351, 364 (3rd Cir. 1992).

The DOC Defendants do not deny that Mr. McCoy spent most of his incarceration in solitary confinement. Rather, they argue that his solitary confinement was objectively

reasonable. Relying upon the Supreme Court's decision in *Sandin v. Conner*, 515 U.S. 472 (1995), this Court has held that the duration of an inmate's restrictive confinement alone can rise to the level of a constitutional violation. "Where an inmate is committed for an atypical period of time… that is clearly a factor to be considered in determining whether he has been subjected to atypical and significant hardship and, accordingly, whether due process protection has been triggered." *Griffin v. Vaughn,* 112 F.3d 703, 708-709 (3rd Cir. 1997). Even though solitary confinement itself is not unconstitutional, the time period spent in solitary confinement can rise to a constitutional deprivation for purposes of holding government actors accountable. Plaintiff McCoy was held in solitary confinement for most of the almost seven years he was incarcerated for a crime that he did not commit. D.I 1. at ¶¶13, 198.

Interestingly, the DOC Defendants fail to address the other abuses suffered by Mr. McCoy. However, those abuses, including beatings, spitting in his food, denial of access to counsel and the law library, denial of medical treatment are constitutional violations in and of themselves.

The DOC Defendants knowing it violated Mr. McCoy's constitutional rights and are therefore not entitled to qualified immunity as such the motion to dismiss should be denied.

**CONCLUSION**

For the reasons stated above, Mr. McCoy respectfully requests that the Department of Corrections Defendant's Motion to Dismiss be denied.

**MARGOLIS EDELSTEIN**

*/s/Herbert W. Mondros*

Herbert W. Mondros, Esq. (Del. Bar No. 3308)
Krista Reale Samis, Esq. (Del. Bar No. 4748)
300 Delaware Ave., Suite 800
Wilmington, DE 19801
(302) 888-1112 – telephone
(302) 888-1119 – facsimile
hmondros@margolisedelstein.com
Attorney for Plaintiff, Isaiah McCoy

Dated: December 11, 2017