# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ISAIAH W. MCCOY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     V. | )    C.A. No. 17-1046-GMS |
| | ) |
| R. DAVID FAVATA, DEBORAH WEAVER, MATT DENN, GREGORY BABOWAL, STEPHEN SMITH, ROBERT M. COUPE, NATHANIEL MCQUEEN, JR., MARK RYDE, DAVID PIERCE, MARCELLO RISPOLI, CORRECTIONS OFFICER DRACE, and CORRECTIONS OFFICER GILL, in their individual capacities, | ) ) ) ) ) ) ) ) ) ) |
| | ) |
|     Defendants. | ) |

## REPLY BRIEF OF DOC DEFENDANTS IN
## SUPPORT OF THEIR MOTION TO DISMISS

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

Ryan P. Connell, #5426
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
Attorney for Defendants Robert Coupe, David Pierce, Marcello Rispoli, Todd Drace and George Gill

DATED: January 22, 2018

## **TABLE OF CONTENTS**

Page

TABLE OF CITATIONS ................................................................................................................ iii

ARGUMENT ...................................................................................................................................1

    (a)    The 12(b)(6) standard post-*Iqbal* ...............................................................................1

    (b)    Plaintiff has failed to plausibly plead claims against any of the DOC Defendants .................................................................................................................2

    (c)    Plaintiff Cannot Hold Supervisory Defendants Vicariously Liable for the Act of Subordinates ..................................................................................................4

    (d)    DOC Defendants are Entitled to Qualified Immunity Because Plaintiff Has Not Plausibly Pleaded That Any of them Engaged in a Violation of Clearly Established Constitutional Law ................................................................................6

CONCLUSION ................................................................................................................................9

# **TABLE OF CITATIONS**

*AM. v. Luzerne Cnty. Det. Ctr.,* 372 F.3d 572 (3d Cir. 2004) .........................................................5

*Argueta v. United States Immigration and Customs Enforcement*, 643 F.3d 60 (3d Cir. 2011) .....6

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009) ................................................................................... passim

*Atuahene v. City of Hartford,* 10 F. App'x 33 (2d Cir. 2001) .......................................................2

*Baker v. Monroe Twp.,* 50 F3d 1186 (3d Cir. 1995).......................................................................5

*Behrens v. Pelletier*, 516 U.S. 299 (1996) .....................................................................................6

*Bell Atlantic v. Twombly,* 127 S.Ct. 1955 (2007) ..................................................................1, 2, 3

*Boone v. Salameh,* 2012 WL 1435555 (W. D. Pa. Mar. 28, 2012)................................................2

*Brito v. United States Dept. of Justice,* 392 F. App'x 11 (3d Cir. 2010)........................................4

*Drumgo v. Brown,* 2008 WL 4960452 (D. Del 2008) ...................................................................3

*Evancho v. Fisher,* 423 F.3d 347 (3d Cir. 2005) ...........................................................................4

*Gilles v. Davis,* 427 F.3d 197 (3d Cir. 2005)..................................................................................6

*Gilman v. Danberg,* 2010 WL 5463083 (D. Del. Dec. 29, 2010)..................................................2

*Graham v. Connor,* 490 U.S. 386 (1989) ......................................................................................6

*Griffin v. Vaughn,* 112 F.3d 703 (3d Cir. 1997) ............................................................................7

*Harlow v. Fitzgerald,* 457 U.S. 800 (1982) ...................................................................................6

*Holman v. Walls,* 1989 WL 66636 (D. Del. June 13, 1989).........................................................6

*Hunter v. Bryant,* 502 U.S. 224 (1991) .........................................................................................6

*Mitchell v. Forsyth,* 472 U.S. 511 (1985) ......................................................................................6

*Monell v. Dept. of Social Services,* 436 U.S. 658 (1978) .........................................................4, 5

*Monroe v. Phelps,* 2010 WL 1752253 (D. Del. 2010)...................................................................3

*Rahim v. Holden,* 831 F.Supp.2d 845 (D. Del. 2011)....................................................................4

*Rizzo v. Goode,* 423 U.S. 362 (1976)..................................................................................4

*Robbins v. Oklahoma,* 519 F.3d 1242 (10th Cir. 2008).......................................................2

*Robertson v. Sichel,* 127 U.S. 507 (1888)...........................................................................4

*Rode v. Dellarciprete,* 845 F.2d 1195 (3d Cir. 1988).........................................................4

*Swim v. Hendrick*, 2013 WL 3992440 (W.D. Okla. Aug. 2, 2013)..................................3, 6

*Thomas v. Independence Twp.,* 463 F.3d 285 (3d Cir. 2006) .............................................6

*Wright v. City of Phila*., 229 F. Supp. 3d 322 (E.D. Pa. 2017).........................................1

<u>STATUTES AND OTHER AUTHORITIES</u>

42 U.S.C. § 1983.........................................................................................................2, 4, 5, 6

Fed. R. Civ. P. 8..............................................................................................................1, 3

Fed. R. Civ. P. 12............................................................................................................1, 2

## ARGUMENT

### (a) The 12(b)(6) standard post-*Iqbal*

In the response brief, it appears to be Plaintiff's contention that he need not plead facts (apparently that includes dates or any specifics about purported incidents). However, Plaintiff's citation to *Wright v. City of Phila.* cuts against this contention. 229 F. Supp. 3d 322 (E.D. Pa 2017)(quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009))(emphasis added)(holding that a plaintiff "must plead '*factual content* that allows the court draw the reasonable inference that the defendant is liable for the misconduct alleged.'").

> In *Iqbal*, the Court described the *Bell Atlantic v. Twombly* standard further:
>
> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic v. Twombly*], 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertions" devoid of "further factual enhancement."

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is *plausible* on its face." A claim that has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal* at 678 (internal citations omitted). Thus to state a claim against each Defendant, Plaintiff must plausibly plead that his rights were violated *and* plead plausible facts to suggest that each Defendant was involved (or at least had actual knowledge of) violations of his constitutional rights. Plaintiff's Complaint does neither.

### (b) Plaintiff has failed to plausibly plead claims against any of the DOC Defendants.

Because §1983 liability is predicated on personal involvement rather than vicarious liability, "a plaintiff must plead that *each* Government-official defendant, through the official's own individual actions, has violated the Constitution." *Gilman v. Danberg*, 2010 WL 5463083, at *2 (D. Del. Dec. 29, 2010) (emphasis added) (internal quotation marks omitted) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). In this constitutional context, Rule 12 dictates a party to distinguish the conduct allegedly taken by *each* defendant and plead factual allegations as to how *each* one of the named defendants violated that party's constitutional right. *See Boone v. Salameh*, 2012 WL 1435555, at *4 (W.D. Pa. Mar. 28, 2012) (dismissing a party's generalized allegations against all defendants as insufficient, because the plaintiff "fail[ed] to specify how and when *each individual Defendant* violated his constitutional rights") (emphasis added); *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d. Cir. 2001) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [plaintiff's] complaint failed to satisfy [the] minimum requirement [of fair notice]."); *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) ("It is particularly important in [§ 1983 cases] that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her as distinguished from collective allegations against the state."). "[W]ithout identifying the wrongful acts allegedly committed by *each defendant*, a pleading failed to satisfy both the *Twombly* plausibility requirement *and* the fair notice requirement

of Rule 8." *Swim v. Hendrick*, 2013 WL 3992440, at \*2 (W.D. Okla. Aug. 2, 2013)(emphasis added).[1]

Plaintiff's Complaint consists of a dog's breakfast of purported abuses and indignities that he purportedly suffered while incarcerated. It provides no dates[2] and no information about which Defendants (or others) were involved. Throughout the Complaint, Plaintiff lumps together the purported activities of the various DOC Defendants as well as the conduct of parties who are not presently named in the lawsuit. This pleading fails to satisfy the plausibility requirements of *Iqbal* and *Twombly and* the Rule 8 fair notice requirements. Thus, Plaintiff's complaint against the DOC Defendants should be dismissed.

Beyond failing to properly plead the individual misconduct of each named Defendant, Plaintiff's Complaint fails to meet the requirements of *Iqbal* and *Twombly* in that it fails to plead sufficient facts to support the idea any of the supervisory DOC Defendants played a personal role in violating Plaintiff's Constitutional rights. Plaintiff pleads nothing that suggest that Coupe had *any* sort of personal involvement or knowledge regarding the circumstances of Plaintiff's detention. With respect to Pierce, the Complaint pleads that he knew the Plaintiff was housed in SHU but does not plead any additional facts from which the Court might plausibly find that he had knowledge of abuse or other mistreatment. The claims against Coupe and Pierce are the types of claims that this Court routinely screens out. *See*, *e.g.*, *Drumgo v. Brown*, 2008 WL 4960452 (D. Del. 2008)(dismissing supervisory claims alleging that they failed to prevent abuse against warden and deputy warden); *Monroe v. Phelps*, 2010 WL 1752253 (D. Del. 2010)(dismissing claims

---

[1] Plaintiff's brief suggests that he need only give the defendants fair notice of his claim. This is a misapprehension of the case law which requires both fair notice *and* sufficient facts to plausibly support the claim.

[2] Making it impossible to discern if the claims are barred by the statute of limitation.

attempting to impose liability on the warden for purported abuses by subordinates). Having failed to plausibly plead facts that support the idea the Coupe and Pierce had personal involvement (or actual knowledge and acquiescence), Plaintiff's claims against them must be dismissed.

With respect to the claims against the other officers, Plaintiff provides no facts that can plausibly support the idea that any one of them was involved in any kind of depravation of his rights. It is unclear whether Plaintiff contends that they actually participated in any of the (vaguely described) abuses or if he seeks to impose liability based on their management roles. Beyond mere conclusory statements, Plaintiff provides no information about the indignities he purportedly suffered at JTVCC. The lack of factual pleading coupled with the failure to differentiate the alleged conduct of the various DOC Defendants cannot support a §1983 claim. Thus, DOC Defendants respectfully request that this Complaint be dismissed.

    **(c)**     **Plaintiff Cannot Hold Supervisory Defendants Vicariously Liable for the Act of Subordinates**

It has long been established that supervisory liability cannot be imposed under Section 1983 on a *respondeat superior* theory. *See Ashcroft v. Iqbal,* 556 U.S. 662, 677 (2009); *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976); *See also Rahim v. Holden*, 831 F.Supp.2d. 845, 848 (D. Del. 2011)(citing *Brito v. United States Dept of Justice,* 392 F.App'x 11, 14 (3d Cir. 2010)("The Third Circuit has reiterated that a § 1983 claim cannot be premised upon a theory of *respondeat superior* and that, in order to establish liability for deprivation of a constitutional right, a party must show personal involvement by each defendant."). "'A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of *respondeat superior*.'" *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005)(quoting *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir. 1988)); *see also Robertson v. Sichel*, 127 U.S. 507,

515-516 (1888)(holding that "[a] public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties."). Purpose rather than knowledge is required to impose liability on an official charged with violations arising from his or her superintendent responsibilities. *Iqbal*, 556 U.S. at 677. "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Id.*

In support of the idea that he can impose supervisory liability, Plaintiff relies heavily on *A.M. v. Luzerne Cnty. Det. Ctr.*, 372 F.3d 572 (3d Cir. 2004) and *Baker v. Monroe Twp.*, 50 F.3d 1186 (3d Cir. 1995). His reliance on these cases is misplaced. First, these cases involve *Monell* claims against municipalities, not state supervisors. *See Monell v. Dept. of Social Services*, 436 U.S. 658 (1978) *Monell* is not applicable to this case. Second, these cases predate *Iqbal* which emphasized the requirement of personal knowledge and involvement for the imposition of personal liability under Section 1983. Nothing in the Complaint suggests that Coupe had any knowledge or personal involvement in any aspect of Plaintiff's incarceration. With respect to Pierce, it appears that he was aware that Plaintiff was housed in the SHU, but there are no facts that plausibly support the idea that he was aware that Plaintiff was mistreated.

Even assuming that a failure to train or failure to implement policies claim can withstand a lack of knowledge of personal involvement, Plaintiff's claim nonetheless fails because he fails to identify any deficiencies in training or policy. The Complaint is devoid of any facts from which the Court could plausibly conclude that policies and/or training were constitutionally deficient. Thus, Plaintiff's claims should be dismissed.

**(d) DOC Defendants are Entitled to Qualified Immunity Because Plaintiff Has Not Plausibly Pleaded That Any of them Engaged in a Violation of Clearly Established Constitutional Law**

Qualified immunity shields government actors acting within the scope of their discretionary authority for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Behrens v. Pelletier*, 516 U.S. 299, 305 (1996) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "Factual allegations are particularly important in a § 1983 case where qualified immunity is asserted as an affirmative defense." *Swim v. Hendrick*, 2013 WL 3992440, at *2 (W.D. Okl. Aug 2, 2013). "[T]he 'basic thrust' of qualified immunity is to free officials from the concerns and burdens of litigation, including discovery." *Argueta v. United States Immigration and Customs Enforcement*, 643 F.3d 60, 73 (3d Cir. 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). Because qualified immunity bestows immunity from suit, the Supreme Court has repeatedly stressed the importance of resolving immunity questions at the earliest possible stage of litigation. *Thomas v. Independence Twp.*, 463 F.3d 285, 291 (3d Cir. 2006). "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

A key issue for purposes of qualified immunity is whether Movants' actions were "objectively reasonable in light of the facts and circumstances confronting [them.]" *Holman v. Walls*, 1989 WL 66636, at *9 (D. Del. June 13, 1989) (quoting *Graham v. Connor*, 490 U.S. 386, 397 (1989)). "The qualified immunity standard 'gives ample room for mistaken judgments by protecting all but the plainly incompetent or those *who knowingly violate the law*.'" *Gilles v. Davis*, 427 F.3d 197, 203 (3d Cir. 2005) (emphasis added) (quoting *Hunter v. Bryant*, 502 U.S. 224, 229 (1991)).

Details, facts and allegations of personal involvement in Plaintiff's Complaint are at a premium. Not only is it impossible to tell when Plaintiff alleges that his rights were violated and it is impossible to tell who was responsible for each purported violation, it is nearly impossible to ascertain from the Complaint how any of the named DOC Defendants personally violated any of Plaintiff's established Constitutional rights. While it may be clearly established that officers cannot use excessive force and cannot willfully ignore serious medical problems, there is nothing in the pleading beyond mere labels and conclusions that plausibly suggest that any of the Defendants actually violated clearly established law or otherwise acted unreasonably. Having failed to plead facts that plausibly suggest that any of the Defendants violated established constitutional law or otherwise acted unreasonably, the Defendants are entitled to qualified immunity.

The closest Plaintiff comes to pleading facts is his contention that he was housed in the SHU.[3] Those conditions of confinement claims are barred by qualified immunity. While there is some case law, such as *Griffin v. Vaughn* which Plaintiff cites, that suggest that long periods of solitary confinement can give rise to *due process* requirements, Plaintiff does not have a due process claim in his complaint.[4] 112 F.3d 703 (3d Cir. 1997); *see* Count III of Plaintiff's Complaint (asserting claims against the DOC Defendants).[5] While there have been cases that suggest that

---

[3] Plaintiff makes a puzzling contention in the response brief that Warden Pierce testified that "Mr. McCoy was subjected to solitary confinement for infractions that did not subject other inmates to the same punishment." Pl's Ans. Br. at 3. Although he attached an Appendix that contains a hearing transcript, Plaintiff provides no citation for this proposition. Pierce actually testified to the contrary: "anyone in general population that has the overall risk assessment score Mr. McCoy has would be classified to maximum security…" Pl's Appendix at A57 (D.I. 36-1).

[4] Even assuming that Plaintiff had a due process claim, there is no Supreme Court case or anything resembling robust consensus of circuits with respect to what due process is required and what duration of solitary confinement triggers those due process requirements.

[5] The fact that he is now making a due process argument when his Complaint asserts no due process claims against the DOC Defendants seems to call into question Plaintiff's position that the Complaint gives the Defendants fair notice of the claims against them.

7

long periods in isolation give rise to due process requirements, to date, there has been no Supreme Court case (or a robust consensus of the circuits) holding that use of solitary confinement is cruel and unusual or otherwise unconstitutional.  Moreover, it has not been established, and certainly was not established during Plaintiff's period of incarceration, that corrections officials cannot keep pretrial inmates or inmates who have had their convictions reversed in a restrictive housing unit.  Having failed to plead facts that show any sort of atypical or significant deprivation of a right in violation of any clearly established case law, Plaintiff's claims are barred by qualified immunity and must be dismissed.

Not only is the use of restrictive housing legal, Plaintiff's placement in the SHU was objectively reasonable.  In fact, Plaintiff's own filings demonstrate officials had good reasons to place Plaintiff in SHU.  As Plaintiff notes in the response brief, Warden Pierce testified in Court that Plaintiff had infractions such as "unauthorized possession of television and radio, possession of another inmate's paperwork, masturbation, possession of unknown dangerous contraband, and an attempted escape…" Pl's Ans. Br. at 3.  When coupled with the extremely serious charges that Plaintiff was facing, the decision to place Plaintiff in restrictive housing was quite reasonable.  Having failed to plead facts that suggest that any Defendant acted unreasonably or in contravention to any clearly established law, Plaintiff's claim with respect to his placement in SHU is barred by qualified immunity and should be dismissed.

## **CONCLUSION**

For the reasons and legal authorities set forth above, DOC Defendants respectfully request that Plaintiff's claims against them be dismissed.

                                  **STATE OF DELAWARE**
                                  **DEPARTMENT OF JUSTICE**

                                  /s/ Ryan P. Connell
                                  Ryan P. Connell, #5426
                                  Deputy Attorney General
                                  820 North French Street, 6th Floor
                                  Wilmington, DE 19801
                                  (302) 577-8400
                                  Attorney for Defendants Robert Coupe, David Pierce, Marcello Rispoli, Todd Drace and George Gill

## **CERTIFICATE OF SERVICE**

On January 22, 2018, I certify that I served a copy of the attached document by ECF on the following:

Herbert W. Mondross, Esquire
Margolis Edelstein
300 Delaware Avenue, Suite 800
Wilmington, DE 19801
Attorney for Plaintitff

Joseph Handlon, Esquire
Lauren Maguire, Esquire
Deputy Attorney General
Delaware Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801
Attorney for Defendants Denn, Smith, and Babowal

Michael F. McTaggart, Esquire
Deputy Attorney General
Delaware Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801
Attorney for Defendants McQueen and Ryde

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ Ryan P. Connell
Ryan P. Connell, #5426
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
Attorney for Defendants Robert Coupe, David Pierce, Marcello Rispoli, Todd Drace and George Gill