IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ISAIAH W. MCCOY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 17-1046 (MN) |
| ) | |
| R. DAVID FAVATA, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM ORDER**

At Wilmington this 5th day of November, 2018:

WHEREAS, on July 28, 2017, Plaintiff Isaiah McCoy ("Plaintiff") initiated the present action against Matt Denn, R. David Favata, Deborah Weaver, Stephen Smith, Gregory Babowal, Robert M. Coupe, Nathanial McQueen, Jr., Mark Ryde, David Pierce, Marcello Rispoli, Corrections Officer Gill and Corrections Officer Grace (collectively, "Defendants") (D.I. 1);

WHEREAS, Mr. Favata has not responded to the Complaint or otherwise made any appearance in the present action;

WHEREAS, Plaintiff requested entry of default as against Mr. Favata (D.I. 32) on October 27, 2017;

WHEREAS, there is no evidence that Mr. Favata has been properly served with the Complaint as required by Federal Rules of Civil Procedure and, in fact, Plaintiff has knowledge that proper service has likely *not* been effectuated on Mr. Favata (*see, e.g.*, D.I. 32 ¶¶ 5–7)[1]; and

---

[1] Although Plaintiff filed a Proof of Service of the Complaint as related to Mr. Favata on August 7, 2017 (D.I. 14), the Department of Justice told Plaintiff on August 4, 2017 that it was not representing Mr. Favata in the present action (*see* D.I. 32 ¶ 5; *see also* D.I. 29 at Ex. B). In those circumstances, it should have been apparent to Plaintiff that service upon Mr. Favata had not been effectuated. Additionally, that Defendants have made clear that

WHEREAS, entry of default (and default judgment) requires the Plaintiff to have properly served the party against whom he seeks default (*see, e.g.*, *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1304 (3d Cir. 1995); *Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985); *Richmond v. Correct Care Sols.*, LLC, No. 14-806-LPS, 2018 WL 4567118, at *1 (D. Del. Sept. 24, 2018)).

IT IS HEREBY ORDERED that:

1. Plaintiff's request for entry of default (D.I. 32) is DENIED;

2. Plaintiff's alternative request for additional time to serve Mr. Favata and to conduct limited service-related discovery (D.I. 35) is GRANTED;

3. Plaintiff shall have an additional 90 days to locate and properly serve Mr. Favata; and

4. Plaintiff may serve ONE interrogatory on each of Defendants narrowly tailored to the issue of Mr. Favata's whereabouts.[2]

_____
The Honorable Maryellen Noreika
United States District Judge

---

they do not represent Mr. Favata necessarily means they lack standing to object to the propriety of service on him, despite doing so here (*see* D.I. 33 at ¶¶ 6–8). *See, e.g.*, *Mills v. Caruso*, 2011 WL 4529464, at *1 (W.D. Mich. 2011) (dismissing motion to quash summonses where movant did not have standing to object to manner of service made upon on other defendants); *Whelan v. Clyde Indus. Ltd.*, No. 87-7349, 1988 WL 30983, at *1 (E.D. Pa. Mar. 29, 1988) (company does not have standing to object to the sufficiency of service of process on former employee when no one at company appointed as agent to receive process for the former employee).

[2] To be clear, this is the only discovery into Mr. Favata's whereabouts that the Court is permitting at this time.