IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ISAIAH W. MCCOY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 17-1046 (MN) |
| | ) |
| R. DAVID FAVATA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM OPINION

Herbert W. Mondros, MARGOLIS EDELSTEIN, Wilmington, DE – attorneys for Plaintiff

Aaron R. Goldstein, Joseph C. Handlon, Stephen M. Ferguson, Deputy Attorneys General, STATE OF DELAWARE DEPARTMENT OF JUSTICE, Wilmington, DE – attorneys for Defendants Matthew Denn, Gregory Babowal, Stephen Smith, and Deborah Weaver

George T. Lees, III, Deputy Attorney General, STATE OF DELAWARE DEPARTMENT OF JUSTICE, Wilmington, DE – attorney for Defendants Robert M. Coupe, Nathaniel McQueen, Jr., and Mark Ryde

Shawn E. Martyniak, Deputy Attorney General, STATE OF DELAWARE DEPARTMENT OF JUSTICE, Wilmington, DE – attorney for Robert M. Coupe, David Pierce, Marcello Rispoli, Todd Drace, and George Gill

Scott G. Wilcox, MOORE AND RUTT, P.A., Wilmington, DE – Attorneys for Defendant Anthony DiGirolomo

October 5, 2020
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE**:

Before the Court is Plaintiff Isaiah McCoy's ("Plaintiff" or "McCoy") "Motion for Leave to Certify Order for Interlocutory Appeal." (D.I. 10). Defendants Matthew Denn, Gregory Babowal, Stephen Smith, and Deborah Weaver ("Prosecutor Defendants"), Defendants Robert Coupe, Nathaniel McQueen, Jr. and Mark Ryde ("DSP Defendants") and Defendant Anthony DiGirolomo opposed the motion (D.I. 107; D.I. 108; D.I. 110). Defendants, Robert M. Coupe (in his capacity as Commissioner of the Department of Corrections) and David Pierce joined in the oppositions filed by the Prosecutor Defendants and the DSP Defendants. (D.I. 109). Defendants Todd Drace, George Gill, and Marcello Rispoli "take no position on the Plaintiff's Motion." (*Id.*). For the reasons stated below, Plaintiff's motion is DENIED.

I. BACKGROUND

As set out in the Court's earlier opinions, this case stems from the investigation, prosecution, conviction, and incarceration of Plaintiff for the May 4, 2010 murder of James Munford. (D.I. 66 ¶¶ 1-17). On July 6, 2010, Plaintiff was indicted for the murder of Munford. *See State v. McCoy*, No. 1005008059A, 2012 WL 5552033, at *1 (Del. Super. Ct. Oct. 11, 2012). His first trial was prosecuted by former Defendant R. David Favata and Weaver. (D.I. 66 ¶¶ 38, 48). During that trial, Plaintiff represented himself *pro se* with the aid of stand-by counsel. (*See, e.g., id.* ¶¶ 199, 208). On June 29, 2012, the jury returned a guilty verdict against Plaintiff for the murder. (*Id.* ¶ 193). On October 11, 2012, the court sentenced Plaintiff to death. (*Id.* ¶ 196).

Thereafter, Plaintiff filed for post-conviction relief and, on January 20, 2015, the Delaware Supreme Court reversed his conviction and remanded the case for a new trial. (*Id.* ¶ 214). Explaining the reversal, the Delaware Supreme Court noted that the trial court had committed a "reverse-*Batson*" error and Favata had engaged in a number of improper actions during the

prosecution. *See generally McCoy v. State*, 112 A.3d 239 (Del. 2015). The Delaware Supreme Court also found that, "[a]lthough there was no physical evidence linking McCoy to the crime, the record does not support McCoy's argument that the evidence was insufficient to convict him." *Id.* at 268.

Plaintiff's second trial began on January 9, 2017. (D.I. 66 ¶ 253). The second trial was prosecuted by Defendants Babowal and Smith. (*Id.* ¶¶ 53-59). McCoy was represented by counsel. (*Id.* ¶ 248). On January 19, 2017, he was found not guilty of the murder and released from prison. (*Id.* ¶¶ 255, 258).

On July 28, 2017, Plaintiff filed this lawsuit. (D.I. 1 ("Original Complaint")). The Original Complaint included seven counts raising theories of liability under federal and state law against twelve defendants. (*Id.*). On March 29, 2019, this Court granted motions to dismiss filed by the DSP Defendants, the DOC Defendants, and the Prosecutor Defendants, dismissing all claims against those parties without prejudice. (D.I. 64 ("First Opinion"); D.I. 65).

On April 22, 2019, Plaintiff filed an amended complaint. (D.I. 66 ("Amended Complaint")). The Amended Complaint included fourteen counts and added a defendant, Anthony DiGirolomo. (*Id.*). On April 21, 2020, the Court dismissed Plaintiff's claims against the DSP Defendants, the Prosecutor Defendants, Defendant DiGirolomo, and Defendants Coupe and Pierce. (D.I. 100; D.I. 101). The Court, however, allowed Plaintiff's claims against Defendants Rispoli, Drace, and Gill to proceed. Plaintiff's current motion seeks leave to appeal the Court's dismissal of his claims.

## II. <u>LEGAL STANDARDS</u>

"The decision of whether to grant leave to file an interlocutory appeal is 'informed by the criteria set forth in 28 U.S.C. § 1292(b).'" *Chase Bank USA, N.A. v. Hess*, No. 08-121 (LPS),

3

2011 WL 4459604, at *1 (D. Del. Sept. 26, 2011) (quoting *In re Philadelphia Newspapers, LLC*, 418 B.R. 548, 556 (E.D. Pa. 2009)).  Under § 1292(b), an interlocutory appeal is permitted only when the order at issue (1) involves a controlling question of law upon which there is (2) substantial grounds for a difference of opinion as to its correctness, and (3) if appealed immediately may materially advance the ultimate termination of the litigation.  *Id. (citing* 28 U.S.C. § 1292(b) and *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974)).  "[T]hese three criteria[, however,] do not limit the Court's discretion to grant or deny an interlocutory appeal."  *In re SemCrude L.P.*, 407 B.R. 553, 557 (D. Del. 2009).  Leave to file an interlocutory appeal may be denied for "entirely unrelated reasons such as the state of the appellate docket or the desire to have a full record before considering the disputed legal issue."  *Katz*, 496 F.2d at 754.

An interlocutory appeal under § 1292(b) is appropriate only when the party seeking leave to appeal "establishes [that] exceptional circumstances justify a departure from the basic policy of postponing review until after the entry of final judgment."  *In re Del. and Hudson Ry. Co.*, 96 B.R. 469, 472–73 (D. Del. 1989), *aff'd*, 884 F.2d 1383 (3d Cir. 1989).  "In part, this stems from the fact that '[p]iecemeal litigation is generally disfavored by the Third Circuit.'"  *Chase Bank*, 2011 WL 4459504 at *1 (quoting *In re SemCrude*, Bank. No. 08–11525 (BLS), 2010 WL 4537921, at *2 (D. Del. Oct. 26, 2010).

### III.  DISCUSSION

#### A.  Controlling Question of Law

For the purpose of certifying an interlocutory appeal, a "controlling question of law" is "one which would result in a reversal of a judgment after final hearing."  *Katz,* 496 F.2d at 47.  "An order involves a 'controlling question of law' when it concerns a question of law, as opposed to one of fact or a mixed question of law and fact.'"  *See In re Maxus Energy Corp.*, 611 B.R. 532,

540 (D. Del. Dec. 19, 2019) (quoting *Mata v. Eclipse Aerospace, Inc. (In re AE Liquidation, Inc.)*, 451 B.R. 343, 347-48 (D. Del. 2011)). In his motion, Plaintiff states in conclusory fashion that "[t]his case presents a controlling question of law both because the Court's Order dismissing the case against all defendants except Defendants Rispoli, Drace and Gill would constitute reversible error if presented on final appeal, and because the question is 'serious to the conduct of the litigation' practically, and legally." (D.I. 102 at 6). Plaintiff then goes on to point to six areas where Plaintiff suggests the Court erred.[1]

In doing so, however, Plaintiff does not identify which of the legal standard or standards the Court applied, based on precedent from the United States Supreme Court and the Third Circuit, Plaintiff contends is in doubt. Indeed, Plaintiff identifies no "genuine disagreement as to the correct legal standard" or how the Court's determination is not "consistent with well established Third Circuit law." *See Maxus Energy,* 611 B.R. at 546. Instead, his complaints appear to be directed to the Court's application of the facts of his case to the law. That, however, is not the standard for certification under § 1292(b). *See Premick v. Dick's Sporting Goods, Inc.*, No. 02: 06-530, 2007 WL 588992, at *2 (W.D. Pa. Feb. 20, 2007) ("questions about a court's application of the facts of the case to the established legal standards are not controlling questions of law for purposes of section 1292(b)"). Therefore, the Court is not persuaded that Plaintiff has raised a controlling question of law.

---

[1] Specifically, Plaintiff states that "if the Third Circuit disagrees with this Court's holdings that i) there was probable cause to arrest Plaintiff notwithstanding the defects in the affidavit of probable cause; ii) the defendants are protected by absolute immunity; iii) Plaintiff has failed to plead an underlying constitutional violation by Defendant Ryde; iv) Plaintiff has failed to plead a claim of inadequate supervision and training against Defendants Coupe and McQueen, or a civil conspiracy claim against Defendants Coupe Ryde and McQueen; v) Plaintiff's claims against Defendant DiGirolamo are barred by the statute of limitations; and vi) Plaintiff has not stated a constitutional claim against Defendants Denn or Weaver, then the Order would be reversed." (D.I. 102 at 6).

### B. Other Considerations

In light of the Court's conclusion that Plaintiff has not raised a controlling question of law, it is not necessary to determine whether there are substantial grounds for a difference of opinion and whether an immediate appeal would materially advance the termination of the litigation. The Court does note, however, that Plaintiff has failed to present exceptional circumstances justifying the need for immediate review. *See DeLalla v. Hanover Ins.,* No. 09–2340 (RBK/JS), 2010 WL 3908597, at *3 (D.N.J. Sept. 30, 2010) ("Interlocutory appeal is meant to be used sparingly and only in exceptional cases where the interests cutting in favor of immediate appeal overcome the presumption against piecemeal litigation."). The Court does not find any "circumstance or reason that distinguishes the case from the procedural norm and establishes the need for immediate review." *In re Magic Rests., Inc.,* 202 B.R. 24, 26–27 (D. Del. 1996) . Thus, the Court concludes that an interlocutory review of its April 21, 2020 Memorandum Opinion and Order (D.I. 100; D.I. 101) is not warranted.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to certify the Court's order for interlocutory appeal (D.I. 102) is denied. An appropriate order will follow.